**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellant,**

v.

**William R. ALLSOP and April Castleman, Appellees.**

No. S–6472.

Supreme Court of Alaska.

Sept. 8, 1995.

Diane L. Wendlandt, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Kenneth C. Kirk, Anchorage, for Appellee Allsop.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MOORE, Chief Justice.

### I. INTRODUCTION

The Child Support Enforcement Division (CSED) initiated support collection measures at the administrative level against William Allsop, whereupon Allsop sued his ex-wife and CSED to disestablish his paternity. CSED appeals from two aspects of the trial court's decision: (1) its holding that such an action lies against the State; and (2) its decision to award Allsop full attorney's fees based upon its finding that CSED litigated vexatiously and in bad faith. We affirm the trial court's conclusion that CSED is a proper defendant, but we vacate the award of full fees.

### II. FACTS AND PROCEEDINGS

William Allsop and April Castleman wed in April 1988. Approximately one month later, Allsop was incarcerated. During his five years in prison, Allsop apparently received no conjugal visits and gained no other opportunities for access to his wife.

Castleman gave birth to Karissa Young on October 5, 1989.[1] As required by state law, Allsop was listed as the father on Karissa's birth certificate.[2] However, when Castleman applied for AFDC benefits shortly after the birth of her daughter, she listed a man she had been living with, Shaun Lewis Young, as the child's father on forms for use by CSED.

In November 1990, while Allsop remained imprisoned, he and Castleman obtained a California decree dissolving their marriage. The Joint Petition for Summary Dissolution of Marriage had been signed and submitted by both parties. The petition was a standard-form document, with one term providing that there were "no minor children born of our relationship before or during our marriage."

In May 1993 CSED wrote to Castleman and explained that despite the dissolution and her identification of Young as the biological father, Allsop retained his status as Karissa's legal father. The letter urged Castleman to take additional steps to disestablish Allsop's paternity or else CSED would be required to seek support from him:

The Alaska Department of Vital Statistics has advised us that the dissolution entered in ... California is not sufficient to remove "William Allsop's" name from Karissa's birth certificate as she was born during the marriage and the dissolution does not specify that he is not Karissa's father.

If you wish to pursue a paternity action against Shaun Young, you will need to obtain an "amended dissolution" which specifically states that "William Allsop" is not Karissa's father and has no parental or financial responsibilities for her.

We will suspen[d] the action on our case for 60 days to allow you time to initiate action to amend the California dissolution. If you have not ... verif[ied] that you have initiated this action within 60 days from the above date, we must pursue action against "William Allsop" as he is considered Karissa's legal father until an order is entered releasing him of his responsibility for her.

CSED followed up with a similar letter to Castleman in September 1993, and asked her to complete another form pertaining to paternity. Although Allsop's name was typed in the space marked "alleged/most likely father," Castleman supplied dates for their sexual relationship which were too early for Allsop to have been Karissa's father. On the next page, where she was to indicate who else could be the biological father, Castleman

---

1. Karissa was therefore born almost 17 months after Allsop was imprisoned.

2. See AS 18.50.160(d) (providing that when a married woman gives birth, her husband's name shall be entered on the birth certificate); 7 AAC 5.390.

again identified Young and stated, "This man is the father."

Two months later, CSED sent Allsop a Notice and Finding of Financial Responsibility. The notice stated that Allsop had an accrued debt for assistance paid of $2,520 and that he would be responsible for an ongoing support obligation of $50 per month to benefit Karissa. Allsop contested these findings, requested an informal conference, and initiated the present action.

Allsop brought a complaint against CSED and Castleman requesting a decree disestablishing his paternity of Karissa. He simultaneously moved for an order enjoining CSED from collecting any support for Karissa's benefit from him. Allsop attached an affidavit in which he detailed his belief that he could not possibly be the father:

I was continually incarcerated from 1988 through 1993. I did not have any parole, probation, work release, or other way of getting out of prison. I did not escape at any time. I did not have any conjugal visits. I did not have intercourse with April Castleman. I cannot be the father of a child born in October 19[89].

CSED opposed the motion to stay collection of support, explaining that the State is charged with a non-discretionary duty to establish and collect support from legally obligated parents. CSED further cited case law providing that a child born to a married woman is presumed to be the offspring of her husband unless rebutted by "clear and convincing evidence." *Smith v. Smith*, 845 P.2d 1090, 1092 (Alaska 1993). CSED argued that as Karissa's legal father, Allsop possesses a duty of support until a court determines by clear and convincing evidence that the presumption of paternity is overcome.

CSED also answered the complaint. In it CSED admitted that Allsop was taken into custody in May 1988. However, because CSED lacked sufficient knowledge concerning the nature of Allsop's custody, it denied Allsop's allegation that he could not be the biological father. CSED additionally raised the affirmative defense that Allsop's claim for disestablishment of paternity was not an actionable claim against the State.

Castleman's Answer was comparatively succinct: "I, April Castleman, Agree with the Plaintiff, William R. Allsop, in that he is not the natural, biological, father of Karissa Young, the child in question. Shaun Lewis Young, a man with whom I was living at the time of Karissa's conception, is the biological father."

The trial court ordered CSED to temporarily stay collection of all child support or support arrears against Allsop and directed that a hearing be held on "substantial questions regarding paternity." The order also explicitly invited CSED to drop its administrative collection action against Allsop. Although CSED complied with the stay, it did not dismiss its administrative case. Allsop thereafter moved for summary judgment.

CSED filed a non-opposition to Allsop's summary judgment motion, admitting that "it appears that there is enough evidence from which the court can make a finding that Mr. Allsop has rebutted the presumption of his paternity by clear and convincing evidence." However, CSED continued to press the contention that its pursuit of Allsop was legitimate. CSED insisted that the agency is not empowered to make determinations of nonpaternity. In a case involving a child born during the marriage, CSED argued that "one of the parties to the marriage must initiate proceedings in court to delegitimize a child if that is what they wish to do.... Now that Mr. Allsop has initiated such proceedings ... CSED will then be able to initiate proceedings [to] establish the paternity of Karissa as ... a child 'born out of wedlock.'" (Quoting former AS 25.27.040, *amended by* ch. 57, § 9, SLA 1995.) CSED also requested that the court dismiss the State from Allsop's nonpaternity action, arguing that CSED cannot be a proper defendant to a nonpaternity action brought by a legally presumed father.

Before the court ruled on the summary judgment or dismissal motions, a hearing was held before a judicial master on the substantive question of paternity. The transcript reveals that CSED acknowledged that the evidence did not support a finding that Allsop was the biological father. In fact,

CSED affirmatively advocated for the disestablishment of Allsop's paternity:

> So the state would request that you recommend to the court that it grant the summary judgment motion on the paternity issue and enter an order declaring that Mr. Allsop is not the father of the minor child. And with that order the state can then proceed against the other alleged father.

Following the hearing, the trial court granted Allsop's motion for summary judgment, denied CSED's motion to dismiss, and ordered CSED to terminate any collection or enforcement efforts directed at Allsop for the benefit of Karissa. The trial court also declared Allsop the prevailing party, and awarded him full attorney's fees against the State[3] in the amount of $775.[4]

In entering the fee award, the court relied upon Alaska Civil Rule 82(b)(3)(G), which permits a variation from the fee schedule for "vexatious or bad faith conduct." The court provided the following justifications for awarding Allsop full fees:

1. The State was told from the beginning that Mr. Allsop was not the father.

2. Mr. Allsop was incarcerated in April of 1988 while married to the mother of the child, but the child was not born until October of 1989.

3. The CSED also had the California court order that there were no children of the marriage of Mr. Allsop and Ms. Castleman. Still CSED determined that that was not enough to rebut the presumption of paternity.

4. Still, in spite of having all of the previous information that Mr. Allsop was not the father, CSED forced Mr. Allsop to file paperwork to defend himself in court. Thus, this court determines

that CSED proceeded in a vexatious and bad faith manner, thus the allowance of full attorney's fees and costs to Mr. Allsop.

CSED moved unsuccessfully for reconsideration. The trial court elaborated that from the outset, CSED possessed "more than clear and convincing evidence" that Allsop was not Karissa's biological father. The court stated that when the State "chose to rely on the presumption that a child born during the marriage is a child of the marriage," CSED abused its administrative discretion.

CSED appeals.

## III. *DISCUSSION*

CSED presents two narrow questions for review: (1) whether Allsop's action for disestablishment of paternity lies against the State; and (2) whether the trial court's decision to award Allsop full attorney's fees constituted an abuse of discretion. CSED links these issues with a more general objection to the trial court's implicit ruling that CSED possessed broad discretion to disregard the presumption of Allsop's paternity. CSED argues that in the case of a man presumed by law to be a child's father, even if CSED *knows* that the presumption can be easily rebutted, the State *must* pursue him for child support.

### A. *Allsop's Claim for Disestablishment of Paternity Lies Against CSED*[5]

In support of its contention that a claim for disestablishment of paternity cannot lie against the State, CSED contends that an action for a declaration of nonpaternity is analogous to an action for divorce, a claim properly brought by and against only the parties to that legal relationship. CSED ar-

---

3. Allsop did not seek attorney's fees against Castleman.

4. The $775 fee award fell short of Allsop's request of $1,642 in actual attorney's fees. Nevertheless, because only $775 out of the $1,642 request was adequately documented, we treat this as an award of "full" fees.

5. Allsop contends that by "aggressively litigating the substantive issues in the case," CSED either

waived the argument that it is not a proper defendant or CSED must be estopped from raising it on appeal. Allsop cites no legal authority for this proposition, and we find his waiver argument meritless. Even if it were possible for a defendant to inadvertently waive the defense that an action against him cannot lie, the record demonstrates that nearly all of CSED's efforts below were directed at explaining why the State was not a proper defendant.

gues that because the agency is a complete foreigner to Allsop's marriage and to the creation of his status as Karissa's legal father, the State should have been dismissed from the case. In the alternative, CSED argues that even if third parties may be named as defendants in a nonpaternity action, the State is not a proper defendant because it possesses no independent authority to disestablish Allsop's paternity.

Whether a cause of action lies against a particular class of defendants is a question of law. We review questions of law by exercising our independent judgment. *See Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979). Regardless of whether we accept CSED's contention that it does not possess the authority to disestablish Allsop's paternity at the administrative level, we agree with the trial court that Allsop's claim for declaration of nonpaternity is actionable against CSED.

CSED pursued Allsop for child support based upon his status as Karissa's legal "parent." This status, with its consequent liability for Karissa's financial support, exposed Allsop to any number of extensive support collection remedies available to CSED by statute. As CSED stated in the Notice and Finding of Financial Responsibility sent to Allsop which set an ongoing support obligation and announced an accrued debt for assistance paid,

> Unless you object in writing to the duty of support and/or payment amount within 30 days, this NOTICE AND FINDING OF FINANCIAL RESPONSIBILITY will be legal and binding upon you. Your income and property, including unemployment compensation and retirement benefits, will be subject to lien, foreclosure, distraint, seizure, sale and order to withhold and deliver to satisfy the debt *WITHOUT FURTHER ADVANCE NOTICE OR HEARING.* (AS 25.27.230–.270) Execution against your retirement benefits may result in involuntary termination from the retirement program.

Allsop's Notice explicitly warned that his permanent fund dividends, federal income tax refunds, income, and other property "will be withheld."

The administrative remedies available to CSED and described in the Notice provide the agency with an exceptional degree of power to collect support from delinquent parents. *See, e.g.,* AS 25.27.250 (granting CSED the power to issue orders to withhold and deliver obligor's real or personal property); AS 25.27.230 (providing that CSED may record liens upon obligor's real or personal property); AS 25.27.253. (providing that CSED may record liens that direct the State to withhold earnings and tax refunds). However, the legislature also provided a remedy for obligor "parents" in Allsop's situation who wish to challenge the agency's authority to establish and enforce a support obligation against them. At least two statutes entitled Allsop to resort to the courts to obtain appropriate relief. AS 25.27.210, *amended by* ch. 57, § 17, SLA 1995; [6] AS 25.27.270.[7] Because the basis for such relief was his nonparentage, Allsop was also justified in naming CSED as a co-defendant to his action for declaration of nonpaternity.

Moreover, even in the absence of express statutory authority, the result that we reach here is bolstered by the fact that while the State has a general interest in ensuring that paternity determinations are made correctly, in the present case, CSED possesses a tangible interest in the paternity of Karissa. As Allsop notes, CSED provides Castleman with

---

6. Former AS 25.27.210, *amended by* ch. 57, § 17, SLA 1995, provided in relevant part:

> **Judicial review of administrative decisions and actions.** (a) Judicial review by the superior court of an agency decision establishing ... a duty of support ... may be obtained by filing a notice of appeal....
>
> ....
>
> (e) The superior court may enjoin agency action in excess of constitutional or statutory authority at any stage of an agency proceeding.

> If agency action is unlawfully or unreasonably withheld, the superior court may compel the agency to initiate action.

7. AS 25.27.270 provides:

> **Judicial relief from administrative execution.** Any person against whose property a lien has been recorded under AS 25.27.230 or an order to withhold and deliver served in accordance with AS 25.27.250 may apply for relief to the superior court.

AFDC benefits, and, as a condition of this arrangement, Castleman assigned her rights to support "from all sources" over to the agency. *See* AS 47.25.345. This plainly gives CSED a real interest in the paternity of Karissa. We are persuaded that Castleman alone may not have adequately protected the State's interest. *Compare Keating v. Traynor*, 833 P.2d 695, 696 & n. 2 (Alaska 1992) (allowing custodial mother who had assigned right to support to CSED to intervene in CSED's motion to modify prior support order because her interest was "inadequately represented" by agency). Thus, unless Allsop wished to sue Castleman solely and risk that CSED would not be bound by a resulting declaration of nonpaternity, Allsop was doubly justified in joining CSED in an action to disestablish his paternity.

### B. *The Trial Court Erred in Awarding Allsop Full Attorney's Fees*

▮▮▮ Having rejected CSED's argument that the State cannot be a proper defendant to an action for disestablishment of paternity, we turn to the remaining issue: whether Allsop deserved full attorney's fees because CSED "proceeded in a vexatious and bad faith manner" in "forc[ing] Mr. Allsop to file paperwork and defend himself in court."[8] An award of full attorney's fees is manifestly unreasonable in the absence of a finding of bad faith or vexatious conduct. *Demoski v. New*, 737 P.2d 780, 788 (Alaska 1987). An award of full fees entered due to bad faith or vexatious conduct is reviewable for abuse of discretion. *Keen v. Ruddy*, 784 P.2d 653, 657 (Alaska 1989); *Crook v. Mortenson–Neal*, 727 P.2d 297, 306 (Alaska 1986).

As described above, the trial court entered specific findings to support the award of full fees. The court determined that after learn-

ing that Allsop and Castleman believed that Allsop was not Karissa's father, that Allsop was imprisoned during the period of possible conception, and that the parties had obtained a "court order that there were no children of the marriage," the agency proceeded beyond the bounds of good faith litigation when it determined that there was still insufficient evidence "to rebut the presumption of paternity." We believe that the trial court's characterization of CSED's defense is unwarranted, and therefore vacate the award of full fees.

The trial court's stated reasons are insufficient to justify an award of full fees in part because they rely upon a flawed premise: that it was wholly unreasonable for CSED to question its authority to unilaterally determine Allsop's nonpaternity. Although we concluded that CSED's arguments regarding possible limitations on its powers to establish and disestablish paternity were irrelevant as to whether Allsop's action lies in the first instance against the State, these contentions have direct bearing upon the motivations of the agency in choosing not to allow a default judgment to be entered against it and to formally oppose Allsop's motion for a stay of the administrative proceedings against him.

CSED emphatically contended at every stage of these proceedings that regardless of any appearance of Allsop's nonpaternity, until a court declares by clear and convincing evidence that Allsop is not Karissa's father, CSED had no choice but to regard Allsop as a parent liable for her support. CSED bases this conclusion in part upon AS 25.27.040(a), *amended by* ch. 57, § 9, SLA 1995, which authorizes CSED to bring paternity actions only for "children born out of wedlock."[9] CSED contends that because the agency possesses no express authority to establish pa-

---

8. CSED briefly argues that the trial court erred in determining that Allsop was the prevailing party. We are unpersuaded by this contention, since Allsop obtained formal relief on the merits for virtually everything that he sought: disestablishment of his paternity and an order requiring CSED to permanently cease its enforcement efforts against him. *See Continental Ins. Co. v. United States Fidelity & Guar. Co.*, 552 P.2d 1122, 1125 (Alaska 1976) (holding that a prevailing party determination will be overturned only for an abuse of discretion).

9. Former AS 25.27.040(a), *amended by* ch. 57, § 9, SLA 1995, provided in relevant part:

The agency shall appear on behalf of minor children or their mother or legal custodian or the state and initiate efforts to have the paternity of children *born out of wedlock* determined by the court.
(Emphasis added.)

ternity for children born "in wedlock," and because no statutory mechanism allows the agency to independently disestablish the paternity of a legally presumed father or bring an action in court to disestablish paternity on his behalf,[10] CSED had no discretion to drop its case against Allsop for the purpose of initiating a paternity action against a more likely candidate.

We need not reach the merits of CSED's argument. It is sufficient to note that we consider the agency's legal position tenable and not so devoid of merit as to indicate a bad faith or vexatious intent. It is apparent from the record that CSED reasonably believed that until a court declared that Allsop was not Karissa's father by clear and convincing evidence, the State's hands were tied. Moreover, under these circumstances, it is revealing that CSED never opposed Allsop's substantive claim of nonpaternity [11] but affirmatively acknowledged to the judicial master, as well as to the trial court, that the evidence did not support a view that Allsop was Karissa's biological father. Given this record, we do not believe that CSED's legal arguments and conduct rose to the level of egregiousness generally required to warrant the imposition of full fees. We therefore hold that the court's finding of bad faith was an abuse of discretion. *Cf. Crook*, 727 P.2d at 306 (affirming award of full fees based upon trial court's specific finding that "[d]efendants litigated a *weak* and *incredible* defense").

This result is further supported by the fact that in drafting its specific findings, the trial court overstated the strength of the evidence in Allsop's favor. The trial court specifically found that CSED was in possession of a "California court order that there were no children of the marriage of Mr. Allsop and Ms. Castleman." In our view, the trial court's characterization of the order of dissolution of the marriage is clearly erroneous. The dissolution that Allsop and Castleman obtained in California was the product of an uncontested, summary proceeding. Allsop and Castleman filed a standard-form joint petition for dissolution, one of the terms of which stated that "[t]here are no minor children born of our relationship". The judgment of dissolution was entered as a standard-form order which took the pleadings on their face, terminated the marriage, and restored Castleman's former name. No adjudication of paternity occurred at that time, and thus, even if CSED possessed the authority to independently disestablish Allsop's paternity, it would have been justified in giving the California order very little weight.

## IV. CONCLUSION

We AFFIRM the trial court's conclusion that CSED is a proper defendant to Allsop's claim for disestablishment of paternity. However, the record does not support the trial court's decision to award Allsop full fees based upon a finding that CSED conducted its defense vexatiously and in bad faith. We therefore VACATE the award of full attorney's fees and remand for the entry of a partial fee award.

10. The legislature recently enacted a statute which directs CSED to establish procedures and standards for the disestablishment of paternity of a child whose paternity was established other than by court order. *See* AS 25.27.166(a); ch. 57, § 14, SLA 1995. Because it was enacted well after the outset of the present case, AS 25.27.166(a) has no relevance here.

11. When the agency answered Allsop's complaint, it "denied" the allegation that Allsop could not be Karissa's biological father. Howev-

er, CSED's denial was a result of its professed lack of knowledge sufficient to form a belief regarding the conditions of Allsop's incarceration. *See* Alaska R.Civ.P. 8(b). Given the character of CSED's denial, the fact that this was the only instance in which CSED "contested" Allsop's paternity, and the agency's decision to file a non-opposition to Allsop's motion for summary judgment, we refuse to regard the denial as evidence of a clearly inappropriate defense.