*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JODY D. SCHINDLER, | ) |
| | ) Supreme Court No. S-17623 |
| Appellant, | ) |
| | ) Superior Court No. 3PA-16-01873 CI |
| v. | ) |
| | ) O P I N I O N |
| KELLY A. SCHINDLER, n/k/a | ) |
| Kelly A. Price, | ) No. 7488 – October 23, 2020 |
| | ) |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, John C. Cagle, Judge.

Appearances: Jody D. Schindler, pro se, Palmer, Appellant. Kelly A. Price, pro se, Wasilla, Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, Carney, and Borghesan, Justices.

WINFREE, Justice.

## I.   INTRODUCTION

In divorce proceedings the superior court awarded the husband the marital home and ordered him to make a corresponding equalization payment to the wife. About a year later the husband sought relief from judgment, arguing that newly discovered evidence showed the court had mis-valued the home. The court denied the requested relief and the husband appeals. Seeing no error, we affirm the court's decision.

## II. FACTS AND PROCEEDINGS

Jody Schindler and Kelly Price filed for divorce in 2016. In June 2018 the superior court equally divided their marital property. The parties disputed the home's value; the court valued it at $269,000, awarded the home and accompanying $205,000 debt to Schindler, and required that he make a roughly $41,000 equalization payment to Price. Schindler did not appeal.

In July 2018 Schindler sought to modify the property division. He asked the court to decrease the home valuation. Before the court ruled, he marketed the home and accepted a $229,900 offer. (This deal apparently fell through; he later accepted a $237,400 offer.) After referring the issue to a family court master for a hearing and recommendation, the court ultimately denied Schindler's motion in May 2019.

Shortly thereafter Schindler sought relief from judgment under Alaska Civil Rules 60(b)(2) and 60(b)(6).[1] He stated that there were "newly discovered items" and "new evidence of legal matters not available until now." He argued that the price for which he agreed to sell the home was evidence the superior court had mis-valued it and that the alleged mis-valuation made the equalization payment unjust, amounting to an "other reason justifying relief." The court denied Schindler's motion. Schindler appeals.

## III. DISCUSSION

Schindler argues on appeal that the superior court abused its discretion by denying relief under Rule 60(b)(2) and Rule 60(b)(6).[2]

---

[1] Rule 60(b)(2) permits the court to grant relief from judgment if a party presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." Rule 60(b)(6) permits the court to grant relief from judgment for "any other reason justifying relief."

[2] Generally, "[w]e review orders denying Alaska Civil Rule 60(b) relief for abuse of discretion." *Cook v. Cook*, 249 P.3d 1070, 1077 (Alaska 2011). "A decision

(continued...)

## A. The Superior Court Did Not Abuse Its Discretion By Denying Relief Under Rule 60(b)(2).

"[F]or any evidence to come within the category of 'newly discovered,' such evidence must relate to facts which were in existence at the time of the trial."[3] We discussed this rule in *Olson v. Olson*;[4] after the parties' divorce and property division[5] one party became unemployed and sought modification under Rule 60(b)(2), arguing that the job termination was newly discovered evidence.[6] The superior court denied relief, and we affirmed because the termination was not a fact in existence at the time of trial.[7] It became a fact in existence only when he was terminated three months later.[8]

Similarly, the offer on the house in this case was not a fact in existence at the time of trial. The original trial was in 2017, judgment was issued in 2018, and

---

[2]    (...continued)
constitutes [an] abuse of discretion if it is 'arbitrary, capricious, [or] manifestly unreasonable . . . .' " *Gunn v. Gunn*, 367 P.3d 1146, 1150 (Alaska 2016) (quoting *Roderer v. Dash*, 233 P.3d 1101, 1107 (Alaska 2010)).

Schindler also argues that the court improperly weighed the evidence at trial. But Rule 60(b) does not provide relief on those grounds, and Schindler's recourse would have been an appeal of the initial ruling. *See Cook*, 249 P.3d at 1083 ("Rule 60(b) 'is not a substitute for a party failing to file a timely appeal . . . .' " (quoting *Morris v. Morris*, 908 P.2d 425, 429 (Alaska 1995))).

[3]    *Olson v. Olson*, 856 P.2d 482, 484 (Alaska 1993) (quoting *Patrick v. Sedwick*, 413 P.2d 169, 177 (Alaska 1966)).

[4]    *Id.*

[5]    *Id.* at 483.

[6]    *Id.* at 483-84.

[7]    *Id.* at 484.

[8]    *Id.*

Schindler accepted an initial offer for the home in 2019. Like the termination in *Olson*, the offer did not become a fact in existence until Schindler knew or could have known of it, which happened over a year after trial. Schindler thus asks us to consider a new fact, not newly discovered evidence. As we previously have stated when discussing Rule 60(b)(2): "If it were grounds for a new trial that facts occurring subsequent to the trial have shown [that the court made] an inaccurate prophecy, litigation would never come to an end."[9] The superior court thus did not abuse its discretion by denying relief under Rule 60(b)(2).

B. **The Superior Court Did Not Abuse Its Discretion By Denying Relief Under Rule 60(b)(6).**

"Rule 60(b)(6) is a catch-all provision . . . enabl[ing] courts to vacate judgments whenever such action is necessary to accomplish justice," but only in "extraordinary circumstances."[10] In *Schofield v. Schofield* we recognized four factors that may indicate extraordinary circumstances justifying relief from a property division: "(1) the fundamental, underlying assumption of the dissolution agreement has been destroyed; (2) the parties' property division was poorly thought out; (3) the property division was reached without the benefit of counsel; and (4) the [property in dispute] was the parties' principal asset."[11]

Schindler has not demonstrated these factors supporting his motion. The fundamental assumption underlying the property division in this case — that Schindler would take the home — has not been destroyed. Schindler took the home and marketed it. The home's sale therefore is the realization of the division's fundamental, underlying

---

[9]     *Nordin Constr. Co. v. City of Nome*, 489 P.2d 455, 473 (Alaska 1971).

[10]     *Cook v. Cook*, 249 P.3d 1070, 1084 (Alaska 2011)

[11]     777 P.2d 197, 202 (Alaska 1989).

assumption; its sale for less than the court's valuation is merely the manner in which that assumption was realized.[12]

Schindler does not explain how the division was poorly thought out, but our case law suggests it was not. Even if the court mis-valued the home, that is not the sort of error we have characterized as poorly thought out. Those errors have included a division that failed to dispose of 10% of the marital estate,[13] one in which the parties subsequently acted contrary to the original agreement,[14] and another in part because the parties intended to live together after divorce.[15] Unlike those cases, Schindler neither identifies a major omission nor points to a facially unusual aspect of the division.[16] Schindler instead quibbles with a particular detail of the property division. If Schindler believed the court clearly erred in its home valuation, he could have appealed the initial ruling after trial in 2018; Rule 60(b) is not intended to be "a substitute for . . . failing to file a timely appeal."[17]

---

[12]     *Cf. id.* at 199-201 (finding fundamental assumption destroyed after father agreed to primary child custody but subsequently moved out of state without children).

[13]     *See, e.g.*, *Richard v. Boggs*, 162 P.3d 629, 635 (Alaska 2007) (calling "poorly thought out" property division that failed to include 10% of marital assets).

[14]     *Schofield*, 777 P. 2d at 200-01 (calling "poorly thought out" dissolution decree that, among other things, awarded child custody, most assets, and residence to father; parties later resided together until father moved to California, leaving mother and children in residence).

[15]     *Foster v. Foster*, 684 P.2d 869, 871-72 (Alaska 1984).

[16]     *See Richard*, 162 P.3d at 635; *Foster*, 684 P.2d at 871-72.

[17]     *Morris v. Morris* 908 P.2d 425, 429 (Alaska 1995).

Beyond the *Schofield* factors, affirming the division does not cause an injustice that Rule 60(b)(6) is designed to avoid.[18]  The (most recent) anticipated sale price of $237,400 is approximately 88% of the superior court's valuation, and it is $7,000 to $17,000 above the valuation range for which Schindler had argued.  Schindler has had exclusive post-trial possession of the home.  He could live on the property, use it to generate income, and make strategic decisions about its sale; Price could not.  Though Schindler's decision to sell for less than the court's valuation makes it harder for him to the make the equalization payment, no evidence suggests that making the payment will meaningfully diminish Schindler's quality of life or render him insolvent.  The superior court thus did not abuse its discretion by denying relief under Rule 60(b)(6).

## IV.   CONCLUSION

We AFFIRM the superior court's order denying relief under Rule 60(b).

---

[18]    *See Schofield*, 777 P.2d at 198-201; *Cook v. Cook*, 249 P.3d 1070, 1084 (Alaska 2011).