NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| QINHUA RIGGS, ) | |
| ) | Supreme Court No. S-18725 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-21-05746 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| EUGENE DAVID RIGGS, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 2041 – August 21, 2024 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances: Qinhua Riggs, pro se, Malden, Massachusetts, Appellant. Rory N. Butler, Law Offices of Blake Fulton Quackenbush, Anchorage, for Appellee.

Before: Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

## I. INTRODUCTION

A man in poor health obtained a default judgment for divorce against his wife after she left Alaska and his family was unable to locate or contact her. When the wife learned of the divorce, she filed a motion to set aside the judgment. The court denied her request to set aside the decree of divorce but granted the motion to set aside the property division. The husband died. The wife filed a second motion to set aside

---

\*      Entered under Alaska Appellate Rule 214.

the divorce, which the superior court again denied. Because the superior court did not abuse its discretion, we affirm the court's order.

## II.    FACTS AND PROCEEDINGS

Qinhua and Eugene Riggs met in China in 2011 and married in Alaska in 2012. Eugene's health declined and by 2021 Qinhua was caring for him full time. But at the end of February 2021, Qinhua left their home, took Eugene's truck, and did not return.

Eugene filed for divorce in late April. The superior court granted his motion for service by publication and a notice was posted on the court system's website from June to July. Eugene moved for entry of a default judgment in early August.

The court held a default hearing on August 26, which Qinhua did not attend. Eugene's daughter, Amanda Failing, who obtained a power of attorney shortly after Qinhua's disappearance, testified in Eugene's place. She testified that Eugene contacted her a few days after Qinhua left. Amanda stated that she and her sister made a number of unsuccessful attempts to contact Qinhua by phone and text and that she had also checked Qinhua's bank statements in an attempt to locate her. Amanda also realized that Eugene was in worse health than she had thought and that he should not be living alone. Along with hired caregivers she began caring for him until he was moved into an assisted living facility. She testified that Qinhua abandoned Eugene and that Eugene was aware of the nature and consequences of the divorce decree.

Eugene did not initially participate in the hearing. In response to the court's questioning about his absence, Amanda stated that she was concerned he was not "of lucid mind." She reported that he had told her earlier that Qinhua had tried to kill him, but Amanda did not believe that was true. The court called Eugene and swore him in as a witness. After prompting from the court, Eugene was able to state his name and confirm that he wished to be divorced. He described Qinhua's disappearance as "screwed up" and "a big question" to him.

The superior court issued a decree of divorce and its findings of fact and conclusions of law on September 2, 2021. Eugene was awarded all of the real and personal property in the marital estate.

Qinhua moved to set aside the default judgment in October, and the superior court heard a different version of the events surrounding her departure. In an affidavit Qinhua stated that Eugene's "mind was not right" and that it "got worse as the years went by." She alleged that he verbally and physically abused her, and that he would lock her out of the house because "he ha[d] a younger woman . . . he want[ed] to live together with." Qinhua stated that she felt "forced to leave" and "just needed to get safe." She stated that she told Eugene she was leaving and would leave the truck where he could recover it. Qinhua said she left the truck at the local hospital and took a taxi to a domestic violence shelter. She also stated that she took all the money out of her bank accounts and opened a new account. Qinhua then travelled to New Mexico and Massachusetts.

In her motion to set aside the default judgment, Qinhua stated that she had learned of the divorce at the end of September, that her ability to speak and read English was "very limited," and that the property division was "not fair." The superior court granted her motion to set aside the property division but not the divorce. The court based its decision on its concern that failing to address property issues would constitute reversible error, especially given Qinhua's representation that she was not an English speaker and needed an interpreter.

Qinhua participated in mediation with Eugene's daughters, who shared a power of attorney, to try to reach an agreement about the property division. They were unsuccessful. And Eugene died in late December.

In October 2022, now represented by an attorney, Qinhua filed a second motion to set aside the divorce decree. Qinhua argued the earlier decision that set aside the property allocation but let the divorce stand was an improper bifurcation of the divorce proceedings. She also argued that she was entitled "to contest the allegations

in the complaint all the way to trial" but "had not even seen" the complaint before she filed her earlier motion. The superior court denied her motion, observing that even though Qinhua had not cited Alaska Civil Rule 60(b), that rule "provides the relevant standard." Qinhua appeals, representing herself.

## III. STANDARD OF REVIEW

"A trial court's ruling on an Alaska Civil Rule 60(b) motion is reviewed for abuse of discretion."[1] "A decision constitutes an abuse of discretion if it is arbitrary, capricious, or manifestly unreasonable."[2] "[A]bsent unusual circumstances, 'we will not reverse the superior court's denial of a Rule 60(b) motion as an abuse of discretion where the movant has not made a showing of a meritorious defense.' "[3]

## IV. DISCUSSION

Entry of a default judgment may be set aside if the requirements of Civil Rule 60(b) are met.[4] "We have consistently held that disposition of a case on the merits is strongly preferred to judgment by default."[5]

Qinhua argues that the superior court must have determined that she met the requirements for setting aside a default judgment when it set aside the property division. She argues that the court must have considered her failure to appear at the default hearing to be excusable neglect and amount to a meritorious defense. She argues

---

[1] *Chena Obstetrics & Gynecology, P.C. v. Bridges*, 502 P.3d 951, 957 (Alaska 2022) (internal quotation marks and brackets omitted) (quoting *Williams v. Williams*, 252 P.3d 998, 1004 (Alaska 2011)).

[2] *Schindler v. Schindler*, 474 P.3d 648, 648 n.2 (Alaska 2020) (internal quotation marks and brackets omitted) (quoting *Gunn v. Gunn*, 367 P.3d 1146, 1150 (Alaska 2016)).

[3] *Wright v. Shorten*, 964 P.2d 441, 443 (Alaska 1998) (quoting *Balchen v. Balchen*, 566 P.2d 1324, 1328 n.11 (Alaska 1977)).

[4] Alaska R. Civ. P. 55(e).

[5] *Cook v. Rowland*, 49 P.3d 262, 264 (Alaska 2002).

that the court's decision to let the divorce decree stand was "based on the assumption that there is no meritorious defense to divorce in a no-fault state."

Rule 60(b) provides six possible grounds for relief from judgment.[6] Qinhua argues that Rule 60(b)(1) applies due to her excusable neglect. But she did not make this argument to the superior court, and we would ordinarily consider it waived.[7] Even if the argument is not waived, the Rule 60(b)(1) motion was untimely: such motions must be filed within one year of the judgment, and thirteen months passed between the entry of default judgment in September 2021 and Qinhua's motion in October 2022.[8] And finally, Qinhua still does not explain what she thinks amounts to excusable neglect.

Qinhua also argues that the court erred by bifurcating the proceedings without first finding whether her interests would be jeopardized by the delay or reservation, citing AS 25.24.155, as discussed in *Husseini v. Husseini*.[9] But the superior court did not bifurcate the case. The court partially overturned the initial judgment.

---

[6] These include: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Alaska R. Civ. P. 60(b).

[7] *See Adkins v. Collens*, 444 P.3d 187, 195 (Alaska 2019) ("Arguments raised for the first time on appeal are generally waived.").

[8] Alaska R. Civ. P. 60(b).

[9] *See* 230 P.3d 682, 685-86 (Alaska 2010) ("For an issue of property division to be reserved, AS 25.24.155 requires that the court make a finding 'that the interests of a party opposing the motion will not be jeopardized by the delay or reservation.' ").

And even if the superior court erred by bifurcating the proceedings, Qinhua does not explain why that would entitle her to relief under Rule 60(b).[10]

"A party who moves to vacate a default judgment under Civil Rule 60(b) has the burden of establishing [her] entitlement to relief under that rule."[11] Qinhua failed to meet this burden, and the superior court did not abuse its discretion by refusing to set the divorce aside.

## V.    CONCLUSION

We AFFIRM the superior court's order denying the motion to set aside the divorce decree.

---

[10] Qinhua also claims the court was not permitted to rely on testimony from the default hearing. This claim is inadequately briefed, so we do not reach it. *See Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005) (explaining inadequately briefed claims "will be treated as abandoned" and "[e]ven a pro se litigant . . . must cite authority and provide a legal theory").

[11] *M.D. Markland v. City of Fairbanks*, 513 P.2d 658, 660 (Alaska 1973).